**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

NIDA Z. JARAL

VERSUS

AMICA MUTUAL INSURANCE CO.

CIVIL ACTION

22-237-SDD-EWD

**RULING**

The Court has carefully considered the *Motion*,[1] the record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Erin Wilder-Doomes dated February 27, 2023, to which an *Objection*[3] was filed. After considering the *Objection* and conducting a *de novo* review, the Court hereby approves the *Report and Recommendation* of the Magistrate Judge for the reasons herein.

Amica removed this matter to this Court on April 11, 2022, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[4] Thereafter, the Magistrate Judge issued a *Notice and Order* explaining that the information presented in Amica's *Notice of Removal* was deficient as to the citizenship of Plaintiff and the amount in controversy.[5] Amica was ordered to file a memorandum and supporting evidence concerning the amount in controversy required by 28 U.S.C. § 1332 no later than June 24, 2022.[6]

---

[1] Rec. Doc. 14.
[2] Rec. Doc. 17.
[3] Rec. Doc. 18.
[4] Rec. Doc. 1.
[5] Rec. Doc. 6.
[6] *Id.* The Magistrate Judge specifically noted: "The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211. Defendant is advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019). Defendant may also withdraw its Notice of Removal if unable to adequately establish amount in controversy. Defendant is reminded that

However, Amica failed to provide the Court with any new summary judgment-type evidence—medical or otherwise—despite being afforded the opportunity to do so.[7] The arguments and information presented in both the *Supplemental Briefing* and in the *Objection* before the Court make clear that Amica conflates the notion that Plaintiff's damages "could exceed" $75,000 with the preponderance, or "will likely succeed," standard. "The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough."[8]

As noted by the Magistrate Judge, the cases relied on by Amica are insufficient to establish the amount in controversy because they are distinguishable from the current matter.[9] This is especially true considering the limited information presented in the record regarding Plaintiff's injuries, prognosis, and treatment.[10] The Court acknowledges the demand letter included with Amica's *Objection* evidencing Plaintiff's request to settle his claims for $150,000 on October 21, 2022.[11] Notably, however, Amica did not seek to supplement the record of otherwise place this information before the Court until now, almost five months after Amica received the paper.[12]

---

28 U.S.C. § 1447(c) provides for payment of 'just costs and any actual expenses, including attorney fees, incurred as a result of removal,' if the case is remanded."
[7] Rec. Doc. 13.
[8] *Haile v. Walmart, Inc.*, No. 19-467, 2021 WL 7084691, at n. 1 (M.D. La. Apr. 23, 2021) (emphasis in original).
[9] Rec. Doc. 17, p. 13, n. 62.
[10] *Id.*
[11] Rec. Doc. 18-1.
[12] *Bonvillian v. Nat'l Liab. & Fire Ins. Co.*, CV 6:16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017) ("It is the removing defendant's burden to prove that at the time of removal a minimum of $75,000.00 is in controversy, not the plaintiff's. If the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts before effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence....'") (quoting *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002)).

Amica failed to establish by a preponderance of the evidence the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal. This is not the first time the law firm representing Amica has faced remand when dealing with a case involving similar facts, and the Court reiterates that whether a good faith basis for removal exists should be carefully considered in the future.[13] Any doubt as to the propriety of removal should be resolved in favor of remand, thus the Court will remand this matter for the reasons herein and for those more thoroughly expressed in the *Report and Recommendation* of the Magistrate Judge.[14]

**ACCORDINGLY**, the *Motion to Remand*[15] filed by Plaintiff Nida Jaral, is GRANTED, and this matter is REMANDED to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana on March 23rd, 2023.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. 17, p. 16, n. 3 ("The law firm representing Amica has had at least one other case remanded for failure to establish amount in controversy under similar facts in the last year and is encouraged to carefully consider whether arguments that have previously been rejected by this Court constitute a good faith basis for removal in the future. *See Taylor v. Old Republic Insurance Company*, No. 21-369-BAJ-EWD, 2022 WL 264887 (M.D. La. Jan. 6, 2022)").
[14] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[15] Rec. Doc. 14.